**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JASMINE LERNER, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CVS HEALTH CORPORATION,<br><br><br>　　　　　　Defendant. | Case No:  1:22-CV-01013-LJL<br><br><br>**ANSWER TO PLAINTIFF'S PUTATIVE CLASS ACTION COMPLAINT** |

Defendant, CVS Pharmacy, Inc., erroneously sued as CVS Health Corporation ("Defendant" or "CVS"),[1] by and through its counsel of record, answers the Putative Class Action Complaint (the "Complaint") of Plaintiff Jasmine Lerner ("Plaintiff") as follows:

All factual allegations are denied unless expressly admitted. Admissions are limited to specific facts addressed, and not to any characterizations, conclusions, or inferences from those facts, or to the relevance of any admission of facts relative to the merits of the action or claims purportedly set forth in the Complaint.

Much of the Complaint consists of material that goes beyond the required short plain statement of the case to plead what may or may not ultimately prove to be evidence. At this point, Defendant is unable to ascertain the authenticity of much of this content; that is the purpose of discovery. Thus, of necessity, Defendant is not in a position specifically to admit or deny averments based upon unauthenticated documents, and therefore such averments are denied for

---

[1] CVS Pharmacy, Inc., is the correct defendant, but it was erroneously sued as CVS Health Corporation.  All responses in this Answer are made on behalf of CVS Pharmacy, Inc.  In responding on behalf of CVS Pharmacy, Inc., Defendant does not waive any rights or arguments as to jurisdiction or venue it otherwise has.

lack of information and belief. Plaintiff's inferences and conclusions drawn from those unauthenticated documents are denied. Any acknowledgement that a document speaks for itself is merely a statement of the obvious, and not an admission as to the authenticity of any document (except as to documents created, adopted, or used by Defendant), nor an adoption of its contents, nor an admission of any other fact or conclusion averred by Plaintiff.

### FACTS COMMON TO ALL CLAIMS[2]

1.     Defendant ADMITS that from time to time it has sold CVS After-sun Aloe Vera Soothing Spray and After-Sun Aloe Vera Moisturizing Gel (the "Products") through its CVS brand and ADMITS that Plaintiff is purporting to bring this action on behalf of a putative class, but DENIES that this lawsuit is appropriate for class certification. Defendant DENIES that the Products' labels were false or misleading.  Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of any of the other statements concerning the purported levels of benzene in the Products. The remaining allegations in paragraph 1 do not require a response, because the allegations in paragraph 1 do not state factual allegations, but are legal conclusions, and Defendant DENIES those allegations on that basis.  Any allegations not expressly admitted are therefore DENIED.

2.     Defendant ADMITS that the articles and/or websites cited in paragraph 2 speak for themselves and DENIES or LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 and respectfully refers the Court to the articles and/or websites cited and quoted by Plaintiff in paragraph 2 for a complete and accurate statement of their contents.  To the extent an allegation does not contain a citation to the

---

[2] All of the headings used in Plaintiff's Complaint are reproduced herein for organizational purposes only. To the extent any heading or subheading in Plaintiff's Complaint purports to make any allegation with respect to Defendant, Defendant DENIES those allegations.

information Plaintiff is citing/quoting, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of those allegations.  Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of any of the articles and/or websites cited in paragraph 2.

3.      Defendant ADMITS the website cited in paragraph 3 speaks for itself and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 and respectfully refers the Court to the website quoted by Plaintiff in paragraph 3 for a complete and accurate statement of its contents. Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of the website cited in paragraph 3.

4.      Defendant ADMITS the website cited in paragraph 4 speaks for itself and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 and respectfully refers the Court to the website quoted by Plaintiff in paragraph 4 for a complete and accurate statement of its contents.  Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of the website cited in paragraph 4.

5.      Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.

6.      Defendant ADMITS the article quoted in paragraph 6 speaks for itself and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and respectfully refers the Court to the article quoted by Plaintiff in paragraph 6 for a complete and accurate statement of its contents.  Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of the article cited in this paragraph, and LACKS KNOWLEDGE OR INFORMATION as to the truth or falsity of the remaining allegations in paragraph 6.

3

7.     Defendant ADMITS the article cited in paragraph 7 speaks for itself and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and respectfully refers the Court to the article cited by Plaintiff in paragraph 7 for a complete and accurate statement of its contents.  Defendant also LACKS KNOWLEDGE OR INFORMATION as to the accuracy of the article cited in this paragraph, and LACKS KNOWLEDGE OR INFORMATION as to the accuracy of the test studies conducted by third-party Valisure. Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene.  Plaintiff does not allege that the lot of the particular product she bought has been tested by Valisure and shown to contain any amount of benzene.

8.     Defendant ADMITS that it halted the sale of the Products on or around July 15, 2021, and ADMITS that the article quoted in paragraph 8 speaks for itself.  Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the article quoted by Plaintiff in paragraph 8 and respectfully refers the Court to the article quoted by Plaintiff in paragraph 8 for a complete and accurate statements of its contents. Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene.

9.     Defendant ADMITS that benzene is not listed as an ingredient on the Products' labels, or in any advertising or website promoting the Products, but Defendant DENIES that its Products' labels, advertisements or websites promoting the Products are false or misleading in any way.

10.     The allegations in paragraph 10 do not require a response, because the allegations in paragraph 10 do not state factual allegations, but are legal conclusions, for which no response

is required.  To the extent a response is required, Defendant ADMITS that the website cited by Plaintiff in paragraph 10 speaks for itself, but LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the website quoted by Plaintiff in paragraph 10 and respectfully refers the Court to the website quoted by Plaintiff in paragraph 10 for a complete and accurate statement of its contents.  Defendant also DENIES that the statute cited by Plaintiff in paragraph 10 (21 U.S.C. § 361) contains the language quoted by Plaintiff in paragraph 10, and states that the statute speaks for itself.

11.     The allegations in paragraph 11 do not require a response, because the allegations in paragraph 11 do not state factual allegations, but are legal conclusions, for which no response is required.

12.     The allegations in paragraph 12 do not require a response, because the allegations in paragraph 12 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required as to some of the allegations, Defendant DENIES that it disregarded any laws and regulations and DENIES that it did not take reasonable efforts to test its Products.  Defendant further LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of third-party Valisure's purported testing results.  Defendant ADMITS that its Products' labels, advertising, packaging and/or marketing materials did not list benzene as an ingredient, but DENIES that its Products' labels, advertising, packaging, and/or marketing materials were misleading in any way.  Any other allegation not expressly admitted or denied does not require a response, because it is a legal conclusion and argument for which no response is required, and it is therefore DENIED.

13.     The allegations in paragraph 13 do not require a response, because the allegations in paragraph 13 do not state factual allegations, but are legal conclusions and arguments, for which

no response is required.  To the extent a response is required, Defendant DENIES the allegations in paragraph 13 and DENIES that it did not fulfill any quality assurance obligations.

14.     The allegations in paragraph 14 do not require a response, because the allegations in paragraph 14 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required, Defendant DENIES the allegations in paragraph 14 and DENIES that it did not adequately test the Products.

15.     Defendant DENIES the allegations in paragraph 15.

16.     The allegations in paragraph 16 do not require a response, because the allegations in paragraph 16 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required, Defendant ADMITS that benzene is classified as a Group 1 compound by the WHO and the IARC but DENIES the remaining allegations in paragraph 16.

17.     The allegations in paragraph 17 do not require a response, because the allegations in paragraph 17 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required, Defendant DENIES the allegations in paragraph 17, and DENIES that the Products are adulterated and/or misbranded.  Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene, even according to Valisure.

18.     The allegations in paragraph 18 do not require a response, because the allegations in paragraph 18 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required, Defendant DENIES the allegations in paragraph 18, and DENIES that the Products are misbranded or that their labeling is false or

misleading. Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene.

19.     The allegations in paragraph 19 do not require a response, because the allegations in paragraph 19 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required as to some of the allegations in paragraph 19, Defendant ADMITS that Plaintiff does not bring claims under the FDCA in this Action, and Admits that Plaintiff purports to bring state law causes of Action against Defendant, but DENIES that Plaintiff's causes of action have any merit.  Defendant further DENIES that the Products were adulterated or misbranded in any way.

20.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's alleged purchase of the Products and whether Plaintiff would have purchased the Products, and Defendant DENIES those allegations on that basis.  The remaining allegations in paragraph 20 do not require a response, because they do not state factual allegations, but are legal conclusions and arguments, for which no response is required.

21.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.

22.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 concerning Plaintiff and putative class member(s) alleged purchases of the Products and whether Plaintiff or the putative class member(s) would have purchased the Products and/or what they would have paid for the Products, and Defendant DENIES those allegations on that basis.  Defendant further DENIES that it omitted

facts from Plaintiff or the putative class member(s).  Defendant further DENIES that this lawsuit is appropriate for class certification.

23.     The allegations in paragraph 23 do not require a response, because the allegations in paragraph 23 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required as to some of the allegations in paragraph 23, Defendant DENIES that the Products were adulterated, and DENIES that Plaintiff and any putative class member(s) were injured. Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene.  Defendant further DENIES that this lawsuit is appropriate for class certification.

24.     The allegations in paragraph 24 do not require a response, because the allegations in paragraph 24 do not state factual allegations, but are legal conclusions and arguments, for which no response is required.  To the extent a response is required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or accuracy of what the Plaintiff and the putative class member(s) bargained for.  Further, Defendant DENIES that this lawsuit is appropriate for class certification.

25.     The allegations in paragraph 25 do not require a response, because the allegations in paragraph 25 do not state factual allegations, but are legal conclusions, for which no response is required, and Defendant DENIES them on that basis.  To the extent a response is required, Defendant DENIES that Plaintiff is entitled to damages, and DENIES that this lawsuit is appropriate for class certification.

26.     Defendant ADMITS that Plaintiff purports to bring this lawsuit individually and on behalf of members of purported class(s) but DENIES that this case is appropriate for class action

treatment.  The remaining allegations in paragraph 26 do not require a response, because the allegations assert contentions of law rather than factual allegations, for which no response is required.  Defendant DENIES them on that basis.

## THE PARTIES

27.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity regarding Plaintiff's residency, when or where Plaintiff allegedly purchased Defendant's After-Sun Aloe Vera Soothing Spray Product, whether Plaintiff reviewed or understood the Product's label, and whether Plaintiff would have purchased the Product, and therefore Defendant DENIES those allegations on that basis.  The allegations concerning whether Plaintiff relied on the Product's labels, and whether they were the basis of the bargain do not require a response because these allegations assert contentions of law, rather than state factual allegations, but to the extent a response is required Defendant DENIES those allegations in paragraph 27. Defendant DENIES the remaining allegations in paragraph 27, and Defendant further DENIES that all lots of its Products were tested by Valisure and further DENIES that even all of the lots Valisure did test showed any benzene, even according to Valisure.

28.     Defendant, CVS Pharmacy, Inc., erroneously sued as CVS Health Corporation ADMITS that it is a corporation with its headquarters in Woonsocket, Rhode Island and its principal place of business at One CVS Drive Woonsocket, Rhode Island 02895.  Defendant further ADMITS that it markets and sells the Products in retail locations and online in the state of New York and nationwide.  Any allegation not expressly admitted in paragraph 28 is DENIED.

## JURISDICTION AND VENUE

29.     The allegations in paragraph 29 do not require a response, because the allegations assert contentions of law rather than state factual allegations.  To the extent a response is required

Defendant ADMITS that the legal recitations in paragraph 29 are sufficient to establish this Court's subject matter jurisdiction under the Class Action Fairness Act of 2005, however, the Complaint alleges no facts sufficient to establish the amount in controversy, and on that basis Defendant DENIES that this Court has subject matter jurisdiction.

30.     The allegations in paragraph 30 do not require a response, because the allegations assert contentions of law rather than state factual allegations.  To the extent a response is required Defendant ADMITS it sold the Products in this District and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to whether Plaintiff purchased the Products in this District.  Defendant DENIES the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response is required, Defendant ADMITS that the facts averred in the Complaint are sufficient to establish venue in this Court and Defendant DENIES the remaining allegations in paragraph 31.

## CLASS REPRESENTATION ALLEGATIONS

32.     Defendant ADMITS that Plaintiff seeks to represent a putative class of persons who allegedly purchased the Product, but Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's and the putative class members' alleged purchase(s), and Defendant DENIES those allegations on that basis.  The allegations concerning the persons purported to be included in the putative class are legal conclusions to which no response is required.  Defendant DENIES that this lawsuit is appropriate for class certification and DENIES the remaining allegations in paragraph 32.

33.     Defendant ADMITS that Plaintiff seeks to represent a putative subclass of persons who allegedly purchased the Product in New York, but Defendant LACKS KNOWLEDGE OR

10

INFORMATION sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's and the putative subclass members' alleged purchase(s), and Defendant DENIES those allegations on that basis.  The allegations concerning the persons purported to be included in the putative subclass are legal conclusions to which no response is required.  Defendant DENIES that this lawsuit is appropriate for class certification and DENIES the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 do not require a response, because the allegations assert contentions of law rather than state factual allegations, and Defendant DENIES those allegations on that basis.  Defendant further DENIES that this lawsuit is appropriate for class certification.

35.     The allegations in paragraph 35 do not require a response, because the allegations assert contentions of law rather than state factual allegations, and Defendant DENIES those allegations on that basis.  Defendant LACKS KNOWLEDGE OR INFORMATION as to the truth or falsity of any additional information that may or may not be obtained by Plaintiff, and DENIES those allegations on that basis.  Defendant further DENIES that this lawsuit is appropriate for class certification.

36.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the persons who Plaintiff seeks to represent and DENIES those allegations on that basis.  Defendant further DENIES that this lawsuit is appropriate for class certification.

37.     The allegations in paragraph 37 do not require a response, because the allegations assert contentions of law rather than state factual allegations, and Defendant DENIES those allegations on that basis.  Defendant further DENIES that this lawsuit is appropriate for class certification and DENIES the remaining allegations in paragraph 37.

38.     The allegations in paragraph 38 do not require a response, because the allegations assert contentions of law rather than state factual allegations, and Defendant DENIES those allegations on that basis.   Defendant further DENIES that Plaintiff and the putative class member(s) suffered any injury or damage and DENIES the remaining allegations in paragraph 38. Defendant further DENIES that this lawsuit is appropriate for class certification.

39.     The allegations in paragraph 39 do not require a response, because the allegations assert contentions of law and argument rather than state factual allegations, and Defendant DENIES those allegations on that basis.   Defendant further DENIES that its marketing, advertising, packaging, labeling, and other promotional materials for the Products were deceptive and also DENIES that Plaintiff and the putative class member(s) suffered any injury or damage. Defendant further DENIES that this lawsuit is appropriate for class certification.   Defendant DENIES the remaining allegations in paragraph 39.

40.     The allegations in paragraph 40 do not require a response, because the allegations assert contentions of law and argument rather than state factual allegations, and Defendant DENIES those allegations on that basis.   Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff's intent in prosecuting this action, and Defendant DENIES those allegations on that basis.   Defendant further DENIES that this lawsuit is appropriate for class certification, and DENIES the remaining allegations in paragraph 40.

41.     The allegations in paragraph 41 do not require a response, because the allegations assert contentions of law and argument rather than state factual allegations, and Defendant DENIES those allegations on that basis.   Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff or each putative class members' resources, and therefore Defendant DENIES those allegations in paragraph 41.  Defendant further

DENIES that any putative class members suffered any damage and DENIES that this lawsuit is appropriate for class certification.   Except as otherwise admitted, Defendant DENIES the remaining allegations in paragraph 41.

42.     The allegations of paragraph 42 do not require a response, because the allegations assert contentions of law and argument rather than state factual allegations, and Defendant DENIES those allegations on that basis.  Defendant further DENIES that this lawsuit is appropriate for class certification.

## CAUSES OF ACTION

### COUNT I
**Breach of Implied Warranty**
**(On Behalf of Plaintiff And The Nationwide Class and New York Subclass)**

43.     With respect to paragraph 43, Defendant incorporates by reference paragraphs 1-42 of this Answer as though fully restated.

44.     The allegations in paragraph 44 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response to the allegations is required, Defendant ADMITS that Plaintiff purports to bring this claim individually and on behalf of members of class(s) but DENIES that this case is appropriate for class action treatment. Defendant further DENIES that any New York Subclass is appropriate.

45.     The allegations in paragraph 45 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response to the allegations is required, Defendant admits that products are sold at CVS retail outlets and on line, but DENIES it made any misrepresentations about the Products. Defendant DENIES all of the remaining allegations in paragraph 45.

46.     The allegations in paragraph 46 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it breached any implied warranty or that the Products were defective.  Defendant further DENIES that this lawsuit is appropriate for class action treatment.

47.     The allegations in paragraph 47 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or any putative class member(s) acted in reliance on Defendant's skill and judgment, and therefore DENIES them.  Defendant further DENIES that this lawsuit is appropriate for class action treatment, and DENIES any remaining allegations in paragraph 47.

48.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or any putative class member(s) altered the Products, and therefore Defendant DENIES the allegations in paragraph 48.

49.     Defendant DENIES the allegations in paragraph 49 and Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to what happened to the Products after they left Defendant's control.

50.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or any putative class member(s) would test the Products, and therefore DENIES the allegations in paragraph 50.

51.     Defendant DENIES the allegations in paragraph 51.

14

52.     The allegations in paragraph 52 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or any putative class member(s) would or would not have purchased the Product, and Defendant DENIES those allegations in paragraph 52 on that basis.  Defendant further DENIES that Plaintiff or any putative class member(s) have been injured or harmed.  Defendant DENIES the remaining allegations in paragraph 52.  Defendant further DENIES that this lawsuit is appropriate for class certification.

53.     The allegations in paragraph 53 do not require a response, because the allegations assert contentions of law rather than factual allegations, for which no response is required.  To the extent a response is required, Defendant ADMITS that it received a letter from Plaintiff that was dated February 3, 2022 but DENIES the remaining allegations in paragraph 53 and DENIES that a true and correct copy of Plaintiff's counsel's letter is attached to the Complaint.

## COUNT II
### Unjust Enrichment
#### (On Behalf of Plaintiff And The Nationwide Class And New York Subclass)

54.     With respect to paragraph 54, Defendant incorporates by reference paragraphs 1-53 of this Answer as though fully restated.

55.     The allegations in paragraph 55 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response to the allegations is required, Defendant ADMITS that Plaintiff purports to bring this claim individually and on behalf of members of class(s) but DENIES that this case is appropriate for class action treatment. Defendant further DENIES that any New York Subclass is appropriate.

56.     The allegations in paragraph 56 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to whether Plaintiff and the putative class member(s) purchased the Products. Defendant DENIES the remaining allegations in paragraph 56.

57.     The allegations in paragraph 57 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it retained money in an unjust and inequitable way, DENIES that the Products were defected, and DENIES that the Plaintiff or any putative class member(s) were injured.  Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or the putative class member(s) would have purchased the Product.  Defendant further DENIES that this case is appropriate for class action treatment and DENIES the remaining allegations in paragraph 57.

58.     The allegations in paragraph 58 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant ADMITS that certain Products were recalled, but DENIES that its retention of money is unjust or inequitable.  Defendant further DENIES on information and belief that Plaintiff ever requested a refund from Defendant and Defendant DENIES that it failed to refund money to any purchaser who requested a refund.  Defendant DENIES the remaining allegations in paragraph 58 and DENIES that this case is appropriate for class action treatment.

59.     The allegations in paragraph 59 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to

16

the allegations is required, Defendant DENIES them, and DENIES that this case is appropriate for class action treatment.

<h3 style="text-align:center">COUNT III</h3>

**Violation of New York's General Business Law § 349**
**(On Behalf Of Plaintiff And The New York Subclass)**

60.     With respect to paragraph 60, Defendant incorporates by reference paragraphs 1-59 of this Answer as though fully restated.

61.     The allegations in paragraph 61 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response to the allegations is required, Defendant ADMITS that Plaintiff purports to bring this claim individually and on behalf of members of class(s) but DENIES that this case is appropriate for class action treatment. Defendant further DENIES that any New York Subclass is appropriate.

62.     The allegations in paragraph 62 do not require a response, because the allegations assert contentions of law rather than factual allegations.

63.     The allegations in paragraph 63 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response to the allegations is required, Defendant ADMITS that it sells goods in the State of New York, but Defendant DENIES that it engaged in any deceptive conduct.  Defendant further DENIES the remaining allegations in paragraph 63.

64.     Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff and putative class member(s) purchased Products for their personal use, and Defendant DENIES those allegations in paragraph 64 on that basis. Defendant further DENIES that this lawsuit is appropriate for class action treatment and DENIES that a New York Subclass is appropriate.

65.     The allegations in paragraph 65 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response is required, Defendant DENIES that it engaged in any deceptive, unfair, and/or misleading acts and practices, and DENIES the remaining allegations in paragraph 65.

66.     The allegations in paragraph 66 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response is required, Defendant DENIES that it engaged in deceptive acts and practices and DENIES the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response is required, Defendant DENIES that it engaged in deceptive acts and practices.  Defendant further LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or any putative class member(s) would or would not have purchased the Products, and Defendant DENIES those allegations in paragraph 67 on that basis.  Defendant DENIES all of the remaining allegations in paragraph 67 and DENIES that this lawsuit is appropriate for class certification and that a New York Subclass is appropriate.

68.     The allegations in paragraph 68 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response is required, Defendant DENIES that it engaged in deceptive conduct, and DENIES the remaining allegations in paragraph 68.

69.     The allegations in paragraph 69 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response is required, Defendant DENIES that Plaintiff and putative New York Subclass member(s) sustained any

18

damages and DENIES that this lawsuit is appropriate for class certification or that a New York

Subclass is appropriate.

70.     The allegations in paragraph 70 do not require a response, because the allegations

assert contentions of law and argument rather than factual allegations.  To the extent a response is

required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as

to the truth or falsity of whether Plaintiff or any putative New York Subclass member(s) would or

would not have purchased the Products, and Defendant DENIES those allegations in paragraph 70

on that basis.  Defendant DENIES that Plaintiff or any putative New York subclass member(s)

were injured, or that they overpaid for Defendant's Products.  Defendant DENIES all of the

remaining allegations in paragraph 70. Defendant further DENIES that this lawsuit is appropriate

for class certification or that a New York Subclass is appropriate.

71.     Defendant ADMITS that Plaintiff purports to bring this claim individually and on

behalf of members of a proposed New York Subclass but DENIES that this case is appropriate for

class action treatment or that any subclass is appropriate.  Defendant DENIES that Plaintiff or any

putative New York Subclass member(s) were injured or damaged.  The remaining allegations in

paragraph 71 do not require a response, because the allegations assert contentions of law rather

than factual allegations, and therefore Defendant DENIES them.

**<u>COUNT IV</u>**
**Violation of New York's General Business Law § 350**
**(On Behalf of Plaintiff And The New York Subclass)**

72.     With respect to paragraph 72, Defendant incorporates by reference paragraphs 1-

71 of this Answer as though fully restated.

73.     The allegations in paragraph 73 do not require a response, because the allegations

assert contentions of law rather than factual allegations.  To the extent a response to the allegations

19

is required, Defendant ADMITS that Plaintiff purports to bring this claim individually and on behalf of members of class(s) but DENIES that this case is appropriate for class action treatment. Defendant further DENIES that any New York Subclass is appropriate.

74.     The allegations in paragraph 74 do not require a response, because the allegations assert contentions of law rather than factual allegations.

75.     The allegations in paragraph 75 do not require a response, because the allegations assert contentions of law rather than factual allegations.  To the extent a response is required, Defendant respectfully refers the Court to the statute for a full recitation of its contents.

76.     The allegations in paragraph 76 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it engaged in any deceptive or misleading conduct.

77.     The allegations in paragraph 77 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it engaged in any misrepresentations.

78.     The allegations in paragraph 78 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it made any false, misleading, and deceptive statements.

79.     The allegations in paragraph 79 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it made any false, misleading, and deceptive statements.

80.     The allegations in paragraph 80 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it made any false, misleading, and deceptive statements and DENIES that it has caused any injury or harm.

81.     The allegations in paragraph 81 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant DENIES that it made any false, misleading, and deceptive statements, and DENIES that Plaintiff and any putative New York Subclass member(s) suffered any injuries.  Defendant further DENIES that this action is appropriate for class certification and DENIES that any New York Subclass is appropriate.

82.     The allegations in paragraph 82 do not require a response, because the allegations assert contentions of law and argument rather than factual allegations.  To the extent a response to the allegations is required, Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of whether Plaintiff or the putative New York Subclass member(s) would or would not have purchased the Products, and Defendant DENIES those allegations in paragraph 82 on that basis.  Defendant DENIES that Plaintiff and any putative New York Subclass member(s) suffered any damages, or that they overpaid for Defendant's Products. Defendant DENIES the remaining allegations in paragraph 82.  Defendant further DENIES that this lawsuit is appropriate for class certification or that a New York Subclass is appropriate.

83.     Defendant ADMITS that Plaintiff purports to bring this claim individually and on behalf of a putative New York Subclass but DENIES that this case is appropriate for class action treatment or that any subclass is appropriate.   Defendant DENIES that Plaintiff or any putative New York Subclass member(s) were injured or damaged.  The remaining allegations in paragraph

83 do not require a response, because the allegations assert contentions of law rather than factual allegations, and therefore Defendant DENIES them.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

84.     As to Plaintiff's Prayer for Relief, Defendant DENIES that Plaintiff and/or the putative class(s) are entitled to any of the relief sought under any of the claims asserted in the Complaint, or at all.

85.     Defendant DENIES the putative class is appropriate for class certification.

86.     Defendant DENIES that a New York Subclass is appropriate.

87.     All other allegations in the Complaint not specifically addressed herein are hereby DENIED.

## DEFENDANT'S AFFIRMATIVE DEFENSES

88.     Defendant sets forth below its affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

89.     Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

90.     This Court lacks general personal jurisdiction over Defendant because Defendant is not "at home" in New York and lacks sufficient contacts with New York to subject it to general

jurisdiction in New York for purposes of defending claims made by non-New York residents pertaining to transactions that occurred outside New York.

## THIRD AFFIRMATIVE DEFENSE

91.     The Court lacks subject matter jurisdiction under CAFA because the amount in controversy does not exceed the $5 million required for jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

92.     Plaintiff and putative class members have suffered no actual injury in fact.

## FIFTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims, and those of any putative class alleged in the Complaint, may not be certified or maintained as a class action.

## SIXTH AFFIRMATIVE DEFENSE

94.     Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing to assert some or all of the claims set forth in the Complaint or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

95.      Any non-New York putative class member does not have standing to state claims under New York law, as New York law does not apply to sales of the Products not occurring in New York.

## EIGHTH AFFIRMATIVE DEFENSE

96.     Plaintiff's and putative class members' claims are barred by the Safe Harbor Doctrine because Defendant's alleged actions, at all relevant times and places, were in compliance with applicable laws and all of the statements on the Products' labels are true, not misleading, and not prohibited by any law.

## NINTH AFFIRMATIVE DEFENSE

97.     Plaintiff's and putative class members' claims are barred in whole, or in part, by the First Amendment to the United States Constitution and the applicable provisions under the New York Constitution that may apply to this lawsuit and which protect the rights to freedom of speech.

## TENTH AFFIRMATIVE DEFENSE

98.     Plaintiff's and putative class members' claims are barred, in whole or in part, because any statement by Defendant that is alleged to be false (which Defendant denies) or any omission allegedly made by Defendant (which Defendant denies) was not material to a reasonable person's purchasing decision, nor detrimentally or justifiably relied upon by Plaintiff or putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

99.     Without admitting any wrongful conduct on the part of Defendant, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such claimed loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury, by, among other things, seeking a refund of the purchase price of the Products.

## TWELFTH AFFIRMATIVE DEFENSE

100.    Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are speculative and remote and impossible to ascertain and allocate.

## THIRTEENTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

102.    Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

105.    Each of the causes of action of the Complaint, in whole or in part, is barred by the applicable statutes of limitation and statutes of repose.

## EIGHTEENTH AFFIRMATIVE DEFENSE

106.    Plaintiff's and the putative class members' claims for equitable relief are barred to the extent there is, or Plaintiff asserts that there is, an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

107.    To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Defendant by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate, as advertising and marketing activities are already monitored by various federal and state agencies.

## TWENTIETH AFFIRMATIVE DEFENSE

108.    The Products were recalled by Defendant and as such, any claim for injunctive relief in the form of a recall is moot as the Products at issue are no longer sold.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

109.    Plaintiff's and putative class members' claims are barred, in whole or in part, because Defendant acted in good faith at all times.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

110.    Plaintiff's and putative class members' claims based on alleged willful misrepresentations are barred because the representations and actions alleged were not intended to mislead or deceive consumers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

111.    Plaintiff's and the putative class members' claims are expressly and impliedly preempted by federal law, including but not limited to, the Food, Drug and Cosmetics Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

112.    Plaintiff and the putative class members are not entitled to punitive damages on any cause of action alleged in the Complaint.  Any award of punitive damages would violate the due process and/or equal protection clauses of the Constitution of the United States of America.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

113.    Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

114.    Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

115.    Plaintiff's and putative class members' claims are barred because they have not sustained any damages as a result of any alleged act or omission by Defendant and they are thus barred from asserting any claim against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

116.   Plaintiff's and putative class members' claims are barred because Defendant's conduct is not fraudulent and was not likely to mislead or deceive consumers and/or the public.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

117.   Although there is no contract between Defendant and Plaintiff, or Defendant and members of the putative class, if there were any claim directly or indirectly based on a contract, including the claims purportedly set forth in the Complaint, any such claim would be barred by voluntary payment, or subject to offset for value received, as the case may be.

## THIRTIETH AFFIRMATIVE DEFENSE

118.   Plaintiff is not an adequate representative of the putative class described in the Complaint, Plaintiff's claims are not typical of the claims of other members of the putative class described in the Complaint, common issues of law and fact do not predominate over individual issues, the putative class described in the Complaint is not manageable or ascertainable, and/or a class action is not superior to the other available methods for the fair and efficient adjudication of the purported claims for relief alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

119.   Even if not applicable to some or all putative class members, some or all of the defenses asserted herein may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, Defendant reserves the right to identify and advance any further additional defenses that may apply to putative class members other than the named plaintiff.

## RESERVATION OF DEFENSES

120.    Further responding, Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

**WHEREFORE**, Defendant prays as follows:

A.    That judgment on the Complaint, and on each cause of action against Defendant, be entered in favor of Defendant;

B.    That this Court finds that this suit cannot be maintained as a class action;

C.    That Plaintiff and the members of the putative class take nothing by Plaintiff's Complaint;

D.    That restitution and all forms of equitable monetary relief be denied;

E.    That Defendant be awarded its costs incurred, including reasonable attorneys' fees; and

F.    For such other and/or further relief as this Court may deem just and proper.

## JURY DEMAND

Defendant hereby demands a jury trial on all claims to which it is entitled.


Dated:  New York, New York                    Respectfully submitted,
        April 4, 2021

                                              By:  _/s/ Philip H. Cohen_
                                                   Philip H. Cohen
                                                   Andrea N. Chidyllo
                                                   GREENBERG TRAURIG, LLP
                                                   One Vanderbilt Avenue
                                                   New York, NY 10017
                                                   Tel:  (212) 801-9200
                                                   Fax:  (212) 801-6400

28

*Cohenp@gtlaw.com*
*Chidylloa@gtlaw.com*

Rick L. Shackelford (*pro hac vice admission to be filed*)
GREENBERG TRAURIG, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
Tel:  (310) 586-7700
Fax:  (310) 586-0575
*shackelfordr@gtlaw.com*

*Attorneys for Defendant CVS Pharmacy, Inc., erroneously sued as CVS Health Corporation*